## No. 164
NAST, Exr. v. HURTIG & SEAMON, Inc.

Ohio Appeals, 6th Dist., Lucas Co
No. 1787.  Decided Feb. 8, 1927

1085.  SERVICE OF SUMMONS—1.  Although affidavit in support of motion to quash service of summons is inaccurate in not covering the time in question, where it is uncontradicted and clearly shows the return was false, such falsity is established by clear and convincing evidence.

2.  To overcome the probative force of the return itself, clear and convincing evidence is required.

First Publication of this Opinion

WILLIAMS, J.

Nathan Nast and Max Leitner as executors of the estate of Joseph Nast, deceased, brought an action in the Lucas Common Pleas against note.  The court sustained a motion to quash Hurtig & Seamon, Inc., upon a promissory service of summons and thereupon dismissed the petition and entered final judgment.  Error was prosecuted on the ground that the court erred in sustaining the motion.

The amended return shows that service was made on John Doe (real name unknown) as managing agent of Hurtig & Seamon, Inc.  It was claimed that the return was false in that the person to whom the summons was delivered was not such managing agent.

It seems that the summons was handed to one Winters, whose affidavit was offered in support of the motion, and he was requested to deliver said summons to Max Michaels who was managing the show put on by Hurtig & Seamon.

The Court of Appeals held:

1.  It is apparent that the John Doe to whom the summons was delivered was Winters, who was not in any way connected with Hurtig & Seamon, Inc.

2.  Notwithstanding the fact that the affidavit was inaccurate in not covering the time in question, it is sufficient to show clearly that the return was false, and being wholly uncontradicted, it established such falsity by clear and convincing evidence.  To overcome the probative force of the return itself, clear and convincing evidence is required.

3.  It is claimed that the defendant entered its appearance at the time the deposition of Harry J. Seamon was taken in New York.

4.  The notary public who took the deposition had the information from David C.. Meyers, who appeared on behalf of the defendant that Meyers did not represent Hurtig & Seamon, Inc. and that no service could be made because the corproation had been dissolved.

5.  The notary public was not warranted in incorporating language in the deposition indicating that Meyers represented the defendant, and it follows that defendant was not entered at the time the deposition was taken.

Judgment therefore affirmed.

(Culbert & Richards, JJ., concur.)

Attorneys—Ritter & Brumback for Nast; Mulholland & Hartman for Hurtig & Seamon; all of Toledo.